O

# United States District Court
# Central District of California

| | |
|---|---|
| MORTEZA SHAMSNIA, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>       v.<br><br>ANACO; TYLER PIPE COMPANY; and MCWANE, INC.,<br><br>                    Defendants. | Case No. 2:14-cv-01431-ODW(VBKx)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [33]** |

## I.     INTRODUCTION

Plaintiff Morteza Shamsnia brings this products-liability class action against Defendants Anaco, Tyler Pipe Company, and McWane, Inc., alleging that Defendants are liable for defects in the casting of sewer pipes that leaked and damaged his condominium unit. The proposed class is made up of all individuals with an ownership interest in the condominium units in Shamsnia's building. Before the Court is Defendants' Motion for Judgment on the Pleadings, in which Defendants contend that Shamsnia's claims are barred by the statute of limitations. (ECF No. 33.) For the reasons discussed below, the Court **DENIES** Defendants' Motion.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II.  FACTUAL BACKGROUND

Shamsnia initiated this action against Defendants on February 25, 2014. (ECF No. 1.)  The First Amended Complaint ("FAC") was filed on May 5, 2014, in which Shamsnia raises two claims against Defendants for (1) strict products liability and (2) negligent products liability.  (ECF No. 10.)

Shamsnia owns a condominium unit in the Longford Building, located at 10790 Wilshire Boulevard, Los Angeles, California.  (FAC ¶ 3.)  Defendants are allegedly the manufacturers of the cast-iron pipes used in the Longford Building.  (*Id.* ¶ 12.) According to Shamsnia, the cast-iron pipes are located in the Longford Building's common areas, within the walls of the building.  (*Id.* ¶ 13.)  The pipes allegedly ruptured causing flooding in Shamsnia's condominium unit and causing significant damage.  (*Id.* ¶¶ 13–14.)  During the reconstruction of his unit, Shamsnia hired a licensed engineer and failure analyst to "determine the mechanism of the pipe failure." (*Id.* ¶ 17.)  On February 26, 2012, the engineer and analyst examined Shamsnia's unit and procured a piece of the piping for testing purposes.  (*Id.* ¶ 18.)  The test results came back on March 18, 2012, and indicated that the pipe failures were a result of defects in the casting of the pipe.  (*Id.* ¶ 19.)

This is not the first lawsuit Shamsnia has filed based on the failure of the cast-iron pipes at the Longford Building.  Shamsnia first sued Allstate Insurance Company, the Longford Condominium Association, and Mohamad and Hanganeh Evari for the damage caused to his unit.  *See Shamsnia v. Allstate Ins. Co.*, No. 12-cv-1151-PSG(VBKx) (C.D. Cal. complaint filed on Feb. 9, 2012) ("the First Action").  The parties ultimately settled, and the case was dismissed in October 2013.  *See id.* Relevant here is the Second Amended Complaint in the First Action, where Shamsnia alleged that the damage to his condominium unit occurred February 10–11, 2010. (ECF No. 34 ("RJN"), Ex. 1 at ¶ 8.)  Shamsnia also alleged that the condominium association made affirmative misrepresentations to him by assuring that the leak was an isolated incident that needed no further investigation.  (*Id.* at ¶ 15.)  However,

according to Shamsnia, the condominium association was aware that a systemic issue existed with the piping system. (*Id.* at ¶ 12.)

On July 7, 2014, Defendants filed the present Motion for Judgment on the Pleadings, arguing that Shamsnia's claims are barred by California's three-year statute of limitations on damage to real property. (ECF No. 33.) Defendants rely on the allegations in the Second Amended Complaint in the First Action, and ask this Court to take judicial notice of the pleading. (ECF No. 34.) Shamsnia timely opposed the Motion, and the matter is now before the Court for decision.

### III.   LEGAL STANDARD

A motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6); the only major difference is that a Rule 12(c) motion is properly brought "after the pleadings are closed and within such time as not to delay the trial." Fed. R. Civ .P. 12(c); *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106-07 (C.D. Cal. 2008) (quoting *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).

If this criteria is met, "[j]udgment on the pleadings . . . is proper only when there is no unresolved issue of fact, and no question remains that the moving party is entitled to a judgment as a matter of law." *Butler v. Resurgence Fin., L.L.C.*, 521 F. Supp. 2d 1093, 1095 (C.D. Cal. 2007) (quoting *Torbet v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir. 2002)). Therefore, for a court to grant a Rule 12(c) motion, "[i]t must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Butler, 298 F.3d at 1089 (quoting *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir.1987)).

### IV.   DISCUSSION

Defendants move for judgment on the pleadings, arguing that Shamsnia's claims are time-barred. The statute of limitations for damage to real property under California Code of Civil Procedure section 338(b) is three years. According to

Defendants, Shamsnia filed this action more than four years after the pipes damaged his condominium unit. Defendants base their argument on the Second Amended Complaint in the First Action, where Shamsnia alleges that the damage to his condominium unit occurred February 10–11, 2010.[2] This action was not filed until February 25, 2014. (ECF No. 1.) Defendants also contend that Shamsnia cannot rely on third-party statements from the condominium association to toll the statute of limitations.

On the other hand, Shamsnia argues that tolling of the statute of limitations is appropriate here because he could not have reasonably discovered the latent pipe defects due to the affirmative misrepresentations of the condominium association. Shamsnia contends that the statute of limitations should be tolled from February 2010 until March 2012, when the engineer's report came back.

The discovery rule protects those who are ignorant of their cause of action through no fault of their own. *Leaf v. City of San Mateo*, 104 Cal. App. 3d 398, 408 (1980). The "discovery rule" is an exception to the general rule that an action accrues when appreciable harm occurs. *See Fox v. Ethicon Endo–Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). The accrual is postponed "until the plaintiff discovers, or has reason to discover, the cause of action." *Id.* It is the plaintiff's burden to establish facts showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry. *Bedolla v. Logan & Frazer*, 52 Cal. App. 3d 118, 129 (1975). "A common thread seems to run through all the types of actions where courts have applied the discovery rule . . . the injury or the act causing the injury, or both, have been difficult for the plaintiff to detect." *April Enters., Inc. v. KTTV*, 147 Cal. App. 3d 805, 831 (1983).

/ / /

---

[2] The Court **GRANTS** Defendants' Request for Judicial Notice of the Second Amended Complaint in the First Action. (ECF No. 34); *U.S. v. Wilson*, 631 F. 2d 118, 119 (9th. Cir. 1980) ("A court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.")

Considering the allegations in the light most favorable to Shamsnia, Shamsnia's claims are not barred by the three-year statute of limitations. Based on the pleadings in this action, Shamsnia did not discover, nor have reason to discover, the casting defects of the pipes until he engaged an engineer to produce a metallurgical report on the pipes. (FAC ¶ 21.) Moreover, the allegations in Shamsnia's Second Amended Complaint in the First Action support this finding. Shamsnia alleged that the condominium association intentionally misled him into believing that the incident required no further investigation. (RJN Ex. 1 at ¶ 15.) Because a fraudulent misrepresentation inherently presents a difficulty for the plaintiff in discovering the cause of action, "the recipient of a fraudulent misrepresentation is justified in relying upon its truth." *Polloco, Inc. v. Hashim*, 316 F. 3d 1032, 1040 (9th Cir. 2003).

Furthermore, whether Shamsnia exercised reasonable diligence in discovering the pipe casting defects is a fact-specific inquiry to be determined at a later stage of the litigation. *See Enfield v. Hunt*, 91 Cal. App. 3d 417, 419 (1979); *Lucksch v. Latham*, 657 F. Supp. 1198, 1204 (N.D. Cal. 1987) ("State law should be used to determine when [state] statutes begin to run.").

Defendants cite *Wilshire Westwood Association v. Atlantic Richfield Co.*, 20 Cal. App. 4th 732 (1993), to support their contention that representations made by third parties cannot be utilized to toll the statute of limitations. In *Wilshire Westwood*, the appellants relied on incorrect professional advice claiming that the soil of their newly purchased property was not contaminated by oil. *Id.* at 737-38. The court held that reliance on incorrect professional advice did not justify a tolling of the statute of limitations. *Id.* at 746. But, unlike in *Wilshire Westwood*, the condominium association here did not merely offer incorrect professional advice to Shamsnia, but actually affirmatively misrepresented the nature of the pipe defects.

Defendants also argue that third-party fraudulent misrepresentations are insufficient to toll the statute of limitations; rather, the fraud must originate directly from the defendant of an action. However, the discovery rule—applicable here—and

the fraudulent concealment principle cited by Defendants are two separate doctrines, either of which can toll the statute of limitations. *Bernson v. Browning Ferris Indus. of Cal. Inc.*, 7 Cal. 4th 926, 931 (1994); *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1029 (2000). While the fraudulent-concealment doctrine requires affirmative concealment by the defendant, the discovery rule does not. *See Bernson*, 7 Cal. 4th at 931. Shamsnia's claims may not be tolled under the fraudulent-concealment doctrine, but his claims may still be tolled in accordance with the discovery rule.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion for Judgment on the Pleadings. (ECF No. 33.)

**IT IS SO ORDERED.**

August 5, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**