O

# United States District Court
# Central District of California

| | |
|---|---|
| MORTEZA SHAMSNIA, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>            v.<br><br>ANACO; TYLER PIPE COMPANY; and MCWANE, INC.,<br><br>                    Defendants. | Case No. 2:14-cv-01431-ODW(VBKx)<br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION [39]** |

## I. INTRODUCTION

Before the Court is Plaintiff Morteza Shamsnia's Motion for Class Certification. (ECF No. 39.) Defendants Anaco, Tyler Pipe Co., and McWane Inc. (collectively "Defendants") opposed the Motion (ECF No. 53), and Shamsnia failed to file a timely response (*See* ECF No. 64). This is a products liability action involving allegedly defective sewer pipes that damaged Shamsnia's condominium unit. Shamsnia's Motion seeks to certify a class of all individuals with ownership interest in his condominium building. For the reasons discussed below, the Court hereby **DENIES** Shamsnia's Motion for Class Certification.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Shamsnia owns a condominium unit in The Longford Building, located at 10790 Wilshire Boulevard, Los Angeles, California. (FAC ¶ 3.) In 2010, a cast-iron pipe allegedly manufactured by Defendants ruptured and caused flooding in Shamsnia's unit. (*Id.* ¶ 13–14.) According to Shamsnia, the cast-iron pipe failed as a result of a defect in the casting of the pipe, and the same type of pipe is located throughout the building. (*Id.* ¶¶ 13, 19.) In his Motion for Class Certification, Shamsnia seeks to certify a class defined as "All owners or fractional owners of condominiums and/or common elements/areas in The Longford building located at 10790 Wilshire Boulevard, Los Angeles, California." (ECF No. 39.)

## III. LEGAL STANDARD

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure. To obtain class certification, plaintiffs bear the burden of showing that they have met each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b). *Zinser v. Accufix Research Ist., Inc.*, 523 F.3d 1180, 1186 *amended* 273 F.3d 1266 (9th Cir. 2001). "A party seeking class certification must affirmatively demonstrate . . . compliance with the Rule." *Wal–Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Rule 23 does not set forth a mere pleading standard.

Rule 23(a) provides that a district court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In other words, the class must, at a *minimum*, satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation in order to receive class treatment. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012).

If all four prerequisites of Rule 23(a) are satisfied, the court must "satisfy through evidentiary proof" the existence of at least one of the three subsections of Rule 23(b). *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1431 (2013). "[A] court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim.'" *Amgen Inc. v. Conn. Ret. Plans and Trust Funds*, 133 S. Ct. 1184, 1194 (2013) (quoting *Dukes*, 131 S. Ct. at 2551). This analysis applies to Rule 23(a) and Rule 23(b). *Comcast Corp.*, 133 S. Ct. at 1431. If the court concludes that the moving party has met its burden of proof, then the court has broad discretion to certify the class. *Zinser*, 253 F.3d at 1186.

## IV. DISCUSSION

The Court finds that class certification is not appropriate because Shamsnia failed to carry his burden under Rule 23(a)(4). As such, the Court will forgo a discussion of the other three prerequisites under Rule 23(a).

Rule 23(a)(4) requires a plaintiff to prove that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "In making this determination, courts must consider two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

The Court is concerned with this second question—the vigor of prosecution. Shamsnia and counsel, thus far, have failed to comply with not only basic class action procedures, but basic local rules of this Court. Rule 23(c)(A) states that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(A). The Court's Local Rules state that a motion for class certification shall be filed within 90 days after service of a pleading purporting to commence a class action.

L.R. 83-3. The original Complaint in this action—the first pleading to raise class allegations—was served on Defendants on March 21, 2014. (*See* ECF No. 9.) A motion for class certification—or *at least* a request for an extension of time—should have been filed no later than June 19, 2014. On June 24, 2014, this Court had to issue an Order to Show Cause why a motion for class certification was not filed in accordance with the Local Rules. (ECF No. 26.) Counsel responded that the failure to comply with Local Rules was a result of "human error," and requested a two-week extension to file a class certification motion. (ECF No. 27.)

Shamsnia's counsel then filed the first Motion for Class Certification (ECF No. 31), but the Motion was struck because counsel failed to notice a hearing date in violation of Local Rule 7-4. (ECF No. 38) By the time Counsel filed the second Motion for Class Certification, the Motion was 24 days late under Local Rule 83-3. (ECF No. 39.) To boot, the Motion is nothing more than a recitation of the pleadings and contains no evidentiary support. (*Id.*) This filing was made in the face of the Court's duty to conduct a "rigorous analysis," which may require it "to probe behind the pleadings before coming to rest on the certification question." *Wal–Mart Stores*, 131 S. Ct. at 2551.

Defendants timely opposed the second Motion for Class Certification on October 6, 2014. (ECF No. 53.) Reply papers were due no later than 14 days before the hearing scheduled on October 27, 2014. *See* L.R. 7-10. However, Shamsnia did not file a reply, so the Court took the Motion for Class Certification under submission. (ECF No. 59.) Two weeks later, Shamsnia filed an ex parte Motion for Leave to File Reply (ECF No. 60), but the Court denied the Motion finding that the Motion failed to comply with Local Rule 7-19.1 and the leave request was substantively meritless (ECF No. 64).

Now the Court must decide whether Shamsnia and counsel will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court is thoroughly convinced that the answer to the question, "will the named plaintiffs and

their counsel prosecute the action vigorously on behalf of the class?" is a resounding "no." *See Evon*, 688 F.3d at 1031. The repeated and pervasive failure to comply with basic procedural rules is the opposite of vigorous prosecution. Notwithstanding the fact that the Motion for Class Certification is completely devoid of any factual record, the Court can safely find that Rule 23(a)(4) is not satisfied. This action is not appropriate for class treatment.

## V.  CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for Class Certification. (ECF No. 39.)

**IT IS SO ORDERED.**

December 30, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**